DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Timothy Myers, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which granted Appellee's motion for relief under Civ.R. 60(B)(5) in a journal entry dated October 18, 2004. Appellee's motion for relief increased Appellant's spousal support to Appellee from $615.00 per month to $2000.00 per month. We reverse.
 {¶ 2} Appellee, Deborah Myers, filed a complaint for divorce from Appellant on May 18, 2001. Prior to the divorce, the parties had been married for 25 years and had two emancipated children. A trial was held on March 13, 2002, and the trial court issued a Decree of Divorce on August 23, 2002.[1] The original divorce decree provided that, based on Appellant's salary of $54,209.22, Appellant was to pay $615.00 per month in spousal support. The decree noted that Appellant's monthly expense amount included a marital debt arising from a shortfall on the sale of the parties' residence, assumed by Appellant, in which Appellant was to pay $412.72 per month.
 {¶ 3} On September 3, 2002, Appellee filed a Motion for Review and Modify the Decree of Divorce with a nunc pro tunc order, based on the pretrial conference discussion between parties, to modify the amount of spousal support. The trial court denied Appellee's motion on February 26, 2003, and clarified its previous order of spousal support.
 {¶ 4} Prior to the trial court's ruling on the nunc pro tunc order, Appellee filed a Notice of Appeal on September 20, 2002, appealing the divorce decree. This appeal was dismissed on November 4, 2002, due to Appellee's failure to submit a final, appealable order.
 {¶ 5} On January 6, 2003, Appellee filed a Motion to Modify Spousal Support based on changed circumstances, and a hearing was held before a magistrate on February 13, 2003. At this hearing, Appellant testified that his wages for 2002 were $73,600.00 and, if his work and overtime hours stayed consistent, it was possible that he could earn approximately $80,000.00 in 2003.[2] He stated that his monthly expenses rose from $2680.12 to $3942.00. Appellant also testified that: 1) he had not been making the $412.72 marital debt payment; 2) if he had been making the monthly payments as scheduled, the shortfall on the marital debt would have been paid off in August 2002; and 3) he was currently being sued for the debt. In addition to the same facts that she testified to at trial, Appellee also testified that her income had increased by $2100.00 per year, she earned an additional $1000.00 from a seasonal job, she continued to receive her annual pension of $8256.00, and her monthly expenses had increased because she was paying $150.00 per month payment for court-ordered restitution expenses incurred by the couple's 21-year-old unemployed, emancipated son.
 {¶ 6} The Magistrate denied Appellee's Motion to Modify on September 2, 2003. Among the magistrate's findings of fact was the statement that the financial contributions Appellee was making to support her adult son should not be included in her expenses for purposes of evaluating her claim for an increase in support. The magistrate also noted that although Appellant was supposed to be paying $412.72 per month for a marital debt, the debt was not being paid and Appellant was being sued for the amount owed. The magistrate concluded that Appellee's monthly expenses have decreased since the time of trial, while Appellant's monthly expenses have remained the same or slightly increased. The magistrate held that Appellant's increased income was "the only real change in circumstances" since the parties' trial, and that a higher income was an insufficient change in circumstances to permit an increase of spousal support.
 {¶ 7} On September 12, 2003, Appellee filed a motion to set aside the Magistrate's order, but the trial court denied this motion on May 27, 2004, and upheld the Magistrate's decision that the change in Appellant's income was not to a level which warranted a substantial change in circumstances.
 {¶ 8} Appellee subsequently filed a Motion for Relief under Civ.R. 60(B)(5), and the trial court granted this motion on October 18, 2004. As a result, Appellee's spousal support was increased from $615.00 per month to $2000.00 per month. Appellant appealed, raising three assignments of error for our review. For ease of discussion, we shall consider the first two assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court erred as a matter of law in granting Appellee's motion for relief under Civ.R. 60(B)(5) in that the true nature of said motion was a motion for reconsideration of the trial court's post decree journal entry which was [a] final and appealable order, and, as, such, such motion was a nullity."
 ASSIGNMENT OF ERROR II
"Notwithstanding Appellee's motion for relief as a motion for reconsideration, the trial court abused its discretion in granting Appellee's motion for relief under Civ.R. 60(B)(5) in that Appellee failed to set forth a substantial ground in support of said motion."
 {¶ 9} In his first two assignments of error, Appellant argues that Appellee's Civ.R. 60(B)(5) motion was a motion for reconsideration, and should not have been granted because the motion for reconsideration was a nullity. Appellant also asserts that if this Court were to find Appellee's 60(B)(5) motion to be proper, the trial court abused its discretion by granting the motion because Appellee failed to set forth a substantial ground justifying her relief.
 {¶ 10} It is well settled that a motion for reconsideration of a final judgment is a nullity. Pitts v. Ohio Dept. of Trans.
(1981), 67 Ohio St.2d 378, 379; Dunkle v. Kinsey (Oct. 17, 2001), 9th Dist. No. 20502, at 4. The rules of civil procedure do not provide for such a motion. Pitts, 67 Ohio St.2d at 380. Under the rules, absent a direct appeal, a party has three options for challenging a final judgment, including a motion for relief from judgment under Civ.R. 60(B). Id.
 {¶ 11} Assuming, arguendo, Appellee had intended her motion for reconsideration challenging the trial court's May 27, 2004, order to act as a Civ.R. 60(B) motion for relief from judgment, Civ.R. 60(B) provides, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R 59(B)]; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
Furthermore:
"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60 (B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, Inc.v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
"These requirements are independent and in the conjunctive[.]"Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. Thus, if the movant fails to satisfy any one of these requirements, the trial court must deny the motion. Id.
 {¶ 12} The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is an abuse of discretion. State ex rel. Russo v. Deters (1997),80 Ohio St.3d 152, 153. An abuse of discretion is more than an error of law or judgment, and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 13} The trial court abuses its discretion if it grants relief in a case where the movant has not demonstrated all three factors in its motion. Mitchell v. Mill Creek Sparkle Mkt.
(June 29, 1999), 7th Dist. No. 97 CA 230, at 4, citing Russo,80 Ohio St.3d at 154. If, however, the materials submitted by the parties clearly establish the movant is entitled to relief, then the motion should be granted. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 104.
 {¶ 14} Appellant argues that Appellee's motion under 60(B)(5), which appealed the trial court's order of May 27, 2004, was lacking an "other reason justifying relief from judgment." This Court agrees. Civ.R. 60(B)(5) "is only to be used in an extraordinary and unusual case when the interests of justice warrants it." Adomeit at 105. "Matters of an extraordinary nature fall within the purview of Civ.R. 60(B)(5)." Tech. Servs.Co. v. Trinitech, (March 3, 2004), 9th Dist. No. 21648, 2004-Ohio-965, at ¶ 15, quoting Dailey v. Associated Estates
(June 22, 2000), 8th Dist. No. 77311, at 10. The Ohio Supreme Court in Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, further explained that:
"Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking said provision should be substantial. Nor should Civ.R. 60(B)(5) be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." (Citations omitted.) Id at 66.
 {¶ 15} In her brief, Appellee stated that the 60(B)(5) motion was commenced because the trial court had "not properly considered the evidence." Appellee argued that Appellant's increased income, plus the fact that he had previously calculated their marital debt monthly payment into his monthly expenses and fallen behind on his payments, warranted relief from the trial court's May 27, 2004, order. We do not find this to be a viable reason for such a motion to be brought forth, and conclude these reasons fall below the "extraordinary nature" threshold of a 60(B)(5) motion.
 {¶ 16} Furthermore, it is well-settled that a 60(B) motion is not to be used as a substitute for a direct appeal. State exrel. Bragg v. Seidner (2001), 92 Ohio St.3d 87, 87, citing Keyv. Mitchell (1998), 81 Ohio St.3d 89, 90-91. The appropriate remedy would be for Appellee to file a new motion to modify, which is her ongoing remedy when there is an issue of changed circumstances.
 {¶ 17} In addition, this Court is inclined to agree with Appellant that Appellee's 60(B)(5) motion is a motion for reconsideration.
"A motion seeking relief from the judgment of the trial court, that is premised on law and facts that were available to the trial court at the time it made its decision, is the functional equivalent of a motion to reconsider a final, appealable judgment." Yakubik v. Yakubik (Mar. 29, 2000), 9th Dist. No. 19587, at 4.
Appellee essentially argues that the trial court's decision is against the manifest weight of the evidence, and she continues to challenge the sufficiency of the evidence which was before the trial court at the parties' divorce trial, before the magistrate at the motion to modify hearing and before the trial court on the motion to set aside the magistrate's order. Whether the trial court appropriately denied Appellee's motion to modify is an issue that is properly raised on direct appeal. "Regardless of the name given to the motion, once the trial court renders final judgment it no longer has jurisdiction to reconsider its decision in order to correct the legal errors either party asserts it has made." Yakubik at 5, citing Pitts, 67 Ohio St.2d at 380-381. Consequently, we affirm Appellant's first and second assignments of error.
 ASSIGNMENT OF ERROR III
"Notwithstanding the granting of Appellee's motion for relief, the trial court abused its discretion (1) in modifying spousal support and (2) in failing to set a hearing on Appellee's motion for relief."
 {¶ 18} Our disposition of Appellant's first two assignments of error render the third assignment of error moot, and we decline to address it. See App.R. 12(A)(1)(c).
 {¶ 19} Appellant's first two assignments of error are sustained, and we decline to address his third assignment of error. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further action consistent with these proceedings.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Carr, J. Batchelder, J. concur.
[1] The parties had a pretrial conference, before and on the day of trial, regarding the court's possible increase of the monthly spousal support from $875.00 to $1375.00. Appellee believed the trial court would approve this increase, but Appellant was not in agreement and elected to go to trial, where the court set the support amount at $615.00 per month.
[2] Appellant's brief noted that, as of the date of the brief, his employer no longer offers overtime to its employees, including Appellant.