DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant, Cheryl Thompson, appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, that denied her motion for relief from judgment. We affirm.
 {¶ 2} Ms. Thompson ("Mother") and Defendant-Appellee, Brian Thompson ("Father"), have one minor child, I.T. Mother and Father divorced in 2001, and their agreed Judgment and Decree of Divorce designated Mother as I.T.'s residential parent and legal custodian, subject to "reasonable visitation including, but not limited to, the Court's Standard Order." On January 7, 2005, *Page 2 
Father moved the trial court to modify child support and custody, with Mother's agreement:
 "The parties agree that both mother and father are residential parents for the time the child is with each parent. Father shall be the residential parent, legal custodian, and primary care taker of the minor child for school purposes, subject to mother's right to reasonable visitation, including, but not limited to the Court's Standard Order of Parenting Time[.]"
The trial court conducted a hearing on the motion and, on January 26, 2005, modified custody as agreed by the parties. Neither party appealed from the judgment ordering the modification.
 {¶ 3} On November 17, 2006, Mother moved for relief from judgment with respect to the modification of custody, arguing that she only agreed to the modification because she believed it to be temporary. The trial court denied Mother's motion, and this appeal followed.
 ASSIGNMENT OF ERROR "The trial court erred as a matter of law in denying [Mother's] motion for relief from judgment and to vacate shared parenting order when it was without subject matter jurisdiction and/or statutory authority to issue the shared parenting order."
 {¶ 4} In her sole assignment of error, Mother argues that the trial court should have granted her motion for relief from judgment because the January 2005 modification is void for lack of jurisdiction. Mother maintains that her motion for relief from judgment was not filed under Civ.R. 60(B), but was filed pursuant to *Page 3 
the trial court's "inherent power" to vacate a void judgment due to jurisdictional deficiencies.
 {¶ 5} "[A] judgment rendered by a court lacking subject matter jurisdiction is void ab initio. Consequently, the authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." Patton v. Diemer (1988),35 Ohio St.3d 68, 70. Only in the rare circumstances in which a court lacks subject matter jurisdiction or acts in a manner inconsistent with due process will a judgment be found void. Rondy v. Rondy (1983),13 Ohio App.3d 19, 22. "In all other instances, the trial court's decision is voidable, i.e., it may be reversed if challenged on appeal. However, if a timely appeal is not taken, the decision stands and it is valid and binding. `After the thirty day time for an appeal of judgment has run, the voidability of the judgment is removed, except in the limited circumstances under Civ.R. 60(B).'" (Internal citations omitted.)Thomas v. Fick (June 7, 2000), 9th Dist. No. 19595, at *2, quotingEisenberg v. Peyton (1978), 56 Ohio App.2d 144, 151.
 {¶ 6} Mother concedes that the trial court "has subject matter jurisdiction to hear post-decree matters related to the allocation of parental rights and responsibilities," but maintains that the trial court lacked jurisdiction to modify custody in the manner reflected in the January 2005 modification. Mother's rationale, however, is that the trial court lacked jurisdiction because the *Page 4 
modification was in error. In short, her argument is that a trial court does not have jurisdiction to err, thus blending the concepts of void and voidable judgments. Specifically, Mother maintains that in granting the modification, the trial court did not consider the factors set forth in R.C. 3119.23 or the best interests of the child and that the shared parenting plan did not comply with R.C. 3109.04(G). Such assertions might have rendered the January 2005 modification order voidable and therefore subject to reversal on direct appeal. Because no direct appeal was taken, however, the voidability of the judgment has been removed in the absence of the circumstances described in Civ.R. 60(B). SeeThomas, 9th Dist. No. 19595, at *2.
 {¶ 7} Civ.R. 60(B) provides:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
A party challenging a judgment under Civ.R. 60(B) must demonstrate that (1) the party has a meritorious defense or claim; (2) a circumstance arises under Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE *Page 5 Automatic Elec, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If a party fails to prove any of these three elements, then the trial court must deny the motion. State ex rel.Richard v. Seidner (1996), 76 Ohio St.3d 149, 151.
 {¶ 8} A motion for relief from judgment cannot be used as a substitute for a timely appeal. Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91. Similarly, a party cannot use a motion for relief from judgment in lieu of following the procedure for modification of a domestic relations order over which the trial court retains continuing jurisdiction. See, e.g., Myers v. Myers, 9th Dist. No. 22393, 2005-Ohio-3800, at ¶ 16
(concluding that in the context of spousal support, "[t]he appropriate remedy would be for Appellee to file a new motion to modify, which is her ongoing remedy when there is an issue of changed circumstances.") See, also, Petrae v. Petrae (Apr. 26, 1991), 2d Dist. No. 12423, at *3;Tatom v. Tatom (1984), 19 Ohio App.3d 198, 200-201 (both declining to permit relief from judgment in place of a motion to modify custody from the original judgment of divorce when that judgment was not obtained through fraud or under another circumstance set forth in Civ.R. 60(B).).
 {¶ 9} Mother's only argument, both before the trial court and in this appeal, is that the January 2005 modification was granted in error. Mother did not appeal from the modification, however, and Civ.R. 60(B) cannot be used as a *Page 6 
substitute for direct appeal. As in Myers, the appropriate remedy in this case is for Mother to file a new motion to modify custody with the trial court.
 {¶ 10} Mother's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 LYNN C. SLABY FOR THE COURT *Page 7 
 CARR, P. J. DICKINSON, J. CONCUR