[Cite as *Deutsche Bank Natl. Trust Co. v. Davis*, 2011-Ohio-5791.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| v. | : | |
| | : | Case No. 11CAE060055 |
| HELEN DAVIS, et al. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
                            Common Pleas, Case No. 09CVE070864


JUDGMENT:                   AFFIRMED


DATE OF JUDGMENT ENTRY:     November 8, 2011


APPEARANCES:

For Appellants:                          For Appellee:

JOHN SHERROD                             JENNIFER N. HELLER
2130 Arlington Ave.                      P.O. Box 5480
Columbus, OH 43221                       Cincinnati, OH 45201

*Delaney, J.*

{¶1}   Defendant-Appellant Helen J. Davis appeals the June 7, 2011 judgment entry of the Delaware County Court of Common Pleas denying Appellant's Motion for Relief from Judgment.  Plaintiff-Appellee is Deutsche Bank National Trust Company.

{¶2}   This case comes to us on the accelerated calendar.  App. R. 11. 1, which governs accelerated calendar cases, provides in pertinent part:

{¶3}   "(E) Determination and judgment on appeal.

{¶4}   "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶5}   "The decision may be by judgment entry in which case it will not be published in any form."

{¶6}   This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶7}   On July 1, 2009, Plaintiff-Appellee Deutsche Bank National Trust filed a complaint in foreclosure against Davis in the Delaware County Court of Common Pleas. The Delaware County Sheriff's Department served Davis with the complaint and summons by residential service on July 7, 2009.  The Notice of Service was filed on July 8, 2009.

{¶8}   On July 30, 2009, Davis timely filed a pro se Motion for Extension of Time to Answer or Otherwise Plead in Order to Mediate with Plaintiff/Lender.  The trial court granted Davis' motion on August 5, 2009.  The judgment entry stated Davis was

granted an additional 30 days to submit the matter to mediation and to file an answer to Deutsche Bank's complaint. By entry on August 26, 2009, the trial court assigned the matter to the mediator.

{¶9} Davis did not file an answer within 30 days of the date of the August 5, 2009 judgment entry.

{¶10} The trial court held a status conference of the case on March 26, 2010. Davis attended the status conference.

{¶11} Deutsche Bank filed a Motion for Default Judgment on May 12, 2010 because Davis had not yet filed an answer to the complaint. The trial court set the Bank's motion for default judgment for a hearing pursuant to Civ.R. 55 because Davis had made an appearance in the action.

{¶12} The hearing was held on June 22, 2010. Davis appeared at the hearing pro se. At the time of the hearing, Davis had not filed an answer to the complaint. The trial court granted the motion for default judgment by journal entry on June 23, 2010. A judgment and decree in foreclosure was granted on July 1, 2010.

{¶13} Davis did not file an appeal of the June 23, 2010 or July 1, 2010 judgment entries.

{¶14} A confirmation of sale was filed April 19, 2011. Davis, through counsel, filed a Motion for Relief from Judgment on May 5, 2011. The trial court denied the motion on June 7, 2011 without hearing.

{¶15} It is from this decision Davis now appeals.

{¶16} Appellant raises one Assignment of Error:

{¶17} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S CIVIL RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT WHEN APPELLANT FILED MOTIONS FOR TIME EXTENSIONS, RECEIVED HEARING NOTICES, AND ATTENDED COURT HEARINGS PRO SE BEFORE LOCATING COUNSEL."

{¶18} Davis argues the trial court erred when it denied her Motion for Relief from Judgment.

{¶19} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶20} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564; *Argo Plastic Prod. Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 474 N.E.2d 328.

{¶21} Davis makes multiple arguments as to why she is entitled to relief from judgment. Davis first argues the trial court was without jurisdiction to enter default judgment against her because the trial court did not have personal jurisdiction over Davis. Davis states she was not properly served with the complaint in foreclosure.

"[W]hen service is not perfected upon a defendant in a civil case, the trial court lacks personal jurisdiction, and any judgment rendered against that defendant is void." *Medina v. Davis*, 9th Dist. No. 11CA009953, 2011-Ohio-4465, ¶ 5 citing *Jacobs v. Szakal,* 9th Dist. No. 22903, 2006-Ohio-1312, at ¶ 9. However, the trial court can acquire jurisdiction through the actions of the defendant. The Tenth District Court of Appeals has held that: "A court may acquire personal [jurisdiction] over a defendant in one of three ways: (1) proper service of process; (2) the defendant's voluntary appearance and submission; or (3) acts by the defendant or his counsel that involuntarily subject the defendant to the court's jurisdiction. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156. 'Where a defendant appears and participates in the case without objection, he waives the defense of lack of personal jurisdiction due to failure of service.'" *Green v. Huntley*, Franklin App. No. 09AP-652, 2010-Ohio-1024, ¶12.

{¶22} The record in this case belies Davis' contention that she was not served with the complaint and summons or that she did not submit to the trial court's jurisdiction. The record shows residential service of the complaint and summons on Helen J. Davis on July 7, 2009 by the Delaware County Sheriff's Department. Further, any arguments regarding service have been waived by Davis' participation in the case. Davis filed a Motion for Extension of Time to File and Answer on July 30, 2009. She appeared at a status conference and at the default judgment hearing. Under this record, Davis' argument that she was not under the jurisdiction of the trial court is without support.

{¶23} Davis appears to then utilize Civ.R. 60(B)(5) to argue that due to Davis' actions in working with Deutsche Bank to remedy the foreclosure outside the judicial

proceedings, extraordinary relief should apply to grant her relief from judgment.  Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.'"  *Dutton v. Potroos*, 5th Dist. No. 2010CA00318, 2011-Ohio-3646, at ¶ 49 citing *Chuck Oeder Inc. v. Bower,* 9th Dist. No. 23785, 2007–Ohio–7032, at ¶ 10.  It is reserved for "extraordinary and unusual case[s]," *Myers v. Myers,* 9th Dist. No. 22393, 2005-Ohio-3800, at ¶14, and "is not a substitute for the enumerated grounds for relief from judgment[.]"  Id.  The trial court in the present case held that homeowners do not have the right to loan modification based on federal law and further determined Davis failed to offer evidence to support her contention of meritorious defenses to the complaint.

{¶24} It is undisputed Davis did not file an answer in this case.  While Davis worked with Deutsche Bank to remedy the default on her loan, the Rules of Civil Procedure must still be followed regardless of actions taken outside the courthouse doors.  A pro se litigant is presumed to have knowledge of the law and correct legal procedures so that she remains subject to the same rules and procedures to which represented litigants are bound.  *Carskadon v. Avakian*, 5th Dist. No. 11CAG020018, 2011-Ohio-4423, ¶ 33 citing *Kilroy v. B.H. Lakeshore Co.* (1996), 111 Ohio App.3d 357, 363, 676 N.E.2d 171.  She is not given greater rights than represented parties, and must bear the consequences of her mistakes.  Id. citing *Sinsky v. Matthews* (Dec. 12, 2001), 9th Dist. No. 20499, at 5.

{¶25} Davis finally argues the trial court erred in not holding an evidentiary hearing before denying the motion for relief from judgment.  The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in *Cogswell v.*

*Cardio Clinic of Stark County, Inc.* (October 21, 1991), 5th Dist. No. CA–8553. In *Cogswell,* this Court held under Civ.R. 60(B), a hearing is not required unless there exist issues supported by evidentiary quality affidavits. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts that would support a meritorious defense to the judgment. *Cogswell; BancOhio National Bank v. Schiesswohl* (1988), 51 Ohio App.3d 130, 554 N.E.2d 1362. Based on our findings above, we can find no error in the trial court's decision to not hold an evidentiary hearing.

{¶26} Davis never appealed the original entries granting default judgment or foreclosure. It is well settled that Civ.R. 60(B) "is not available as a substitute for a timely appeal * * * nor can the rule be used to circumvent or extend the time requirements for an appeal." *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686. We can find no abuse of discretion in the trial court's decision to deny Davis' Motion for Relief from Judgment.

{¶27} Davis' sole Assignment of Error is overruled.

{¶28} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.

Farmer, P.J. and Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

[Cite as *Deutsche Bank Natl. Trust Co. v. Davis*, 2011-Ohio-5791.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| HELEN DAVIS, et al. | : | |
| | : | |
| | : | Case No. 11CAE060055 |
| Defendants-Appellants | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellant Helen Davis.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE