[Cite as *Wells Fargo Bank, N.A. v. Stevens*, 2014-Ohio-1399.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | ) | CASE NO. 12 MA 219 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| TIMOTHY A. STEVENS, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common
Pleas of Mahoning County, Ohio
Case No. 10 CV 27

JUDGMENT:    Reversed.
Judgment Entry of June 23, 2011
Reinstated.

APPEARANCES:

For Plaintiff-Appellant:    Atty. Scott A. King
Atty. Terry W. Posey, Jr.
Thompson Hine LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Dayton, Ohio  45342-4934

For Defendants-Appellees:    John A. McNally, III
John A. McNally, III Co., LPA
100 E. Federal Street, Suite 600
Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  March 25, 2014

WAITE, J.

**{¶1}** This case arises from a decision to grant a Civ.R. 60(B)(5) motion for relief from judgment in the Mahoning County Court of Common Pleas in a foreclosure action. Appellant Wells Fargo Bank, N.A. ("Wells Fargo") had previously been granted summary judgment following an unopposed motion against Appellees Timothy and Geraldine Stevens ("the Stevens"). Soon after Stevens' original counsel withdrew from the case, new counsel filed a motion for relief from judgment. The trial court found that the Stevens had met all of the requirements pursuant to Civ.R. 60(B)(5) and vacated the judgment. Wells Fargo now appeals.

**{¶2}** Appellant argues that the Stevens did not meet at least two of the three requirements for granting relief under Civ.R. 60(B)(5): a meritorious defense to the underlying claim, a valid reason for relief under subsection (B)(5), and a timely filed motion. *GTE Automatic Electric, Inc. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). The Stevens' basis for relief from judgment was that they were in the process of negotiating a loan modification when summary judgment was granted, and that judgment should have been delayed until all negotiations regarding the loan modification had ended. Appellees' rationale is not a valid defense to a foreclosure action, nor a basis for relief from judgment. Mere negotiations do not affect the validity or enforceability of a loan or mortgage. Because Appellees did not allege a valid defense, they did not meet the structures of Civ.R. 60(B)(5) and the trial court should not have granted the motion. Further, Appellees should have filed their motion under Civ.R. 60(B)(1), dealing with excusable neglect, since the basis of their argument was that the loan renegotiation process explained why they did not oppose

the bank's motion for summary judgment. Since there was no basis for granting the Stevens' motion for relief from judgment, the judgment of the trial court is reversed and the vacated judgment is reinstated.

## Background

**{¶3}** On November 5, 2007, Timothy Stevens took out a mortgage on his home. Sometime in 2010, Wells Fargo became the holder of the promissory note and the mortgage on the house. On January 5, 2010, Wells Fargo commenced action seeking judgment on the note and foreclosure on the mortgage.

**{¶4}** On August 31, 2010, Wells Fargo filed a motion for default judgment. On September 3, 2010, the Stevens obtained counsel and sought leave to file an answer instanter. The court allowed the delayed answer to be filed. On September 30, 2010, Wells Fargo filed a motion for summary judgment. The Stevens' former counsel did not respond to this motion. On June 23, 2011, the trial court entered summary judgment in favor of Wells Fargo. Appellees filed a motion for stay of execution and a notice of appeal (Appeal No. 11 MA 114). Immediately after filing the appeal, Appellees' counsel filed a motion to withdraw, which was granted. Prior to resolution of the motion for stay, Appellees obtained new counsel, who filed the Civ.R. 60(B) motion for relief from judgment on November 4, 2011. In the motion counsel argued that Appellees were not in default when the complaint was filed and that they had entered into loan modification proceedings, including payment of a $3,000 fee required by Wells Fargo, prior to the court's issuance of summary judgment.

{¶5} The appeal was held in abeyance for the court to rule on the Civ.R. 60(B) motion, and the appeal was later dismissed as moot after the Civ.R. 60(B) motion was granted.

{¶6} On November 16, 2011, Wells Fargo filed a response to the motion for relief from judgment. On November 21, 2011, the magistrate granted the motion. Wells Fargo filed objections, and on October 18, 2012, the trial court overruled the objections and adopted the magistrate's decision. This appeal followed.

{¶7} An order that vacates or sets aside a final judgment is a final appealable order. R.C. 2505.02(B)(3).

## Assignment of Error

THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR RELIEF FROM JUDGMENT.

{¶8} According to Civ.R. 60(B), a court may relieve a party or legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

**{¶9}** Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served. *Colley v. Bazell*, 64 Ohio St.2d 243, 249, 416 N.E.2d 605 (1980). A trial court's ruling on a Civ.R. 60(B) motion is reviewed only for abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987); *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). Abuse of discretion exists where a ruling is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶10}** In order to prevail on a motion for relief from judgment, pursuant to Civ.R. 60(B) the appellant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable amount of time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc., supra*, 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any of the three *GTE Automatic Electric, Inc.* requirements are not met, the motion should be overruled. *Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 153, 518 N.E.2d 1208 (1988).

**{¶11}** Civ.R. 60(B)(5) is considered a "catch-all provision" that "reflect[s] the inherent power of a court to relieve a person from the unjust operation of a judgment." *Caruso–Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. Civ.R. 60(B)(5) cannot be used as a substitute for another more specific ground found in Civ.R. 60(B)(1)-(4). *Id.* at 66.

**{¶12}** For cases arising out of Civ.R. 60(B)(5), the motion must be filed within a reasonable time from the date of the judgment being challenged. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 106, 316 N.E.2d 469 (8th Dist.1974). Whether the motion is filed in a reasonable time depends on the facts and circumstances of the case. *LaSalle Bank Natl. Assn. v. Smith*, 7th Dist. No. 11 MA 85, 2012-Ohio-4040, ¶38.

**{¶13}** Appellant argues that the standard of review in this appeal should be *de novo*, claiming that the trial court based its discretionary decision on a misconstruction of the law. Appellant is correct that questions of law are reviewed *de novo*. *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313, 667 N.E.2d 949 (1996). Nevertheless, the overall standard for reviewing a ruling on a Civ.R. 60(B) motion is abuse of discretion.

**{¶14}** It appears from the record that the Stevens did not satisfy all the requirements of *GTE Automatic Electric, Inc.* If only one of the three elements of *GTE Automatic Electric, Inc.* is lacking, the motion should not be granted. *Volodkevich*, *supra*. The record indicates that the Stevens did not present a meritorious defense to the underlying cause of action. A meritorious defense is one which "[goes] to the merits, substance, or essentials of the case." *USB Real Estate Secs., Inc. v Teague*, 191 Ohio App.3d 189, 196, 2010-Ohio-5634, N.E.2d 5733, ¶23 (2d Dist.2010). Although a party does not need to prove that the alleged defense will prevail at trial, enough operative facts must be alleged to show that the defense can

be proven. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶15} The defense raised by the Appellees is that the loan modification process should have prevented summary judgment from being granted to Wells Fargo. In other words, the alleged defense is that they should have been allowed to delay summary judgment by continuing negotiations with the bank. The affidavit of Timothy Stevens that was attached to the motion for relief from judgment admits that he knew the loan modification would not likely be granted and "all I could hope for was to delay the foreclosure as long as possible." (11/4/11 Motion, T. Stevens Aff., Item 11.) This is not a defense to the foreclosure action. It is, instead, a procedural argument about the timing of the trial court's judgment.

{¶16} As Wells Fargo has pointed out, the mere fact that loan modification talks were in progress does not constitute a defense to a foreclosure action under the first prong of *GTE Automatic Electric, Inc. See, e.g., CitiMortgage, Inc. v. Dudek*, 9th Dist. No. 25806, 2012-Ohio-899, ¶13; *see also, Deutsche Bank Natl. Trust Co. v. Davis*, 5th Dist. No. 11CAE060055, 2011-Ohio-5791, ¶23; *Glendale Federal Bank v. Brown*, 2d Dist. No. 17068, 1998 WL 906463 (Dec. 31, 1998). A lender has no duty to modify a loan. *Davis* at ¶23. Until both parties agree to the modification, the original terms of the loan are still in force, and mere negotiations are unenforceable. *Huntington v. R.R. Wellington, Inc.*, 2012-Ohio-5935, 983 N.E.2d 941, ¶25-27 (9th Dist.). The Stevens have not alleged that any agreement was actually reached, but simply that negotiations were taking place.

**{¶17}** Additionally, the Stevens should have filed the motion under Civ.R. 60(B)(1), dealing with excusable neglect, because they neglected to oppose Wells Fargo's motion for summary judgment. The essence of their argument for relief from judgment is that their failure to defend against the foreclosure action was excusable because they thought Wells Fargo might agree to a loan modification. A party may not rely on the catch-all provision in Civ.R. 60(B)(5) when the true basis of the motion is excusable neglect under Civ.R. 60(B)(1). *Caruso–Ciresi, Inc., supra*, 5 Ohio St.3d at 66. Even if the Stevens had filed under Civ.R. 60(B)(1), the motion clearly would have been overruled because it is not excusable neglect to fail to defend against a foreclosure action simply because loan renegotiation talks are in progress. *PHH Mtge. Corp. v. Northrup*, 4th Dist. No. 11CA6, 2011-Ohio-6814, ¶22; *Davis, supra*, 5th Dist. No. 11CAE060055 at ¶23-24.

**{¶18}** The Stevens did not present a meritorious defense to the foreclosure action and filed the motion for relief from judgment under the wrong subsection. They did not meet the requirements of Civ.R. 60(B) as interpreted by *GTE Automatic Electric, Inc.* The trial court should have overruled the motion. Therefore, Appellant's assignment of error is meritorious and is sustained.

Conclusion

**{¶19}** Appellant contends that the trial court abused its discretion in granting relief from judgment in a foreclosure action. Appellant is correct. A party filing for relief from judgment under Civ.R. 60(B) must establish that there is a meritorious defense to the underlying cause of action. The Stevens argued that summary

judgment should not have been granted to Wells Fargo because they were negotiating a loan modification. Although this might be reason for seeking to delay summary judgment, it is not a defense to a foreclosure action. Mere negotiations to modify a loan do not change the terms of the loan or make the loan unenforceable. Furthermore, the Stevens did not oppose Appellant's summary judgment motion, nor did they notify the trial court about the loan modification proceedings. For these reasons, they should have asked for relief due to excusable neglect under Civ.R. 60(B)(1) rather than Civ.R. 60(B)(5). There was no basis for granting the Stevens' motion for relief from judgment under Civ.R. 60(B)(5), and the trial court should have overruled the motion. Nor would there have been a basis for relief had the Stevens filed under Civ.R. 60(B)(1). We hereby sustain Appellant's assignment of error and reverse the October 18, 2012, judgment of the trial court. The prior trial court judgment entry of June 23, 2011, is reinstated.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.