[Cite as *In re Estate of Winkelmes*, 2024-Ohio-288.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF | : | JUDGES: |
| HENRY R. WINKELMES, JR. | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Andrew J. King, J. |
| | : | |
| | : | |
| | : | Case No. CT2023-0057 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Court of Common Pleas, Probate Division, Case No. 20161128

JUDGMENT:  Affirmed

DATE OF JUDGMENT:  January 26, 2024

APPEARANCES:

For Appellant

JONATHAN A. VELEY
2034 Cherry Valley Road
Newark, OH  43055

For Appellees

AARICA D. BURWELL
320 Main Street
P.O. Box 190
Zanesville, OH  43702

For Executor

GERALD J. TIBERIO, JR.
37 South 7th Street, Suite 250

Zanesville, OH  43701
*King, J.*

{¶ 1}  Appellant, Grayson E. Hostetter, appeals the June 26, 2023 entry of the Court of Common Pleas of Muskingum County, Ohio, Probate Division, granting a Civ.R. 60(B) motion filed by Appellees, Erin N. Remster and Benjamin M. Appleby.  We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}  On December 27, 2016, Remster and Appleby entered into a purchase agreement with the estate of Henry J. Winkelmes, Jr. to purchase a parcel of land on Military Road in Zanesville, Ohio.  Brian Jasper, the executor of the estate, signed the agreement on behalf of the estate.  The parcel was attached to a property they owned. The parcel was listed as a scheduled asset of Winkelmes's estate and owned by Nathan Homes, Inc. of which Winkelmes was the sole shareholder.  In order to facilitate the sale, the executor had to seek the reinstatement of Nathan Homes because the articles of incorporation had lapsed.  Executor Jasper was represented by Attorney Gerald Tiberio.

{¶ 3}  On February 3, 2022, Hostetter entered into a purchase agreement with Nathan Homes to purchase the exact same parcel.  Derrick Moorehead, the current executor of the estate, signed the agreement on behalf of Nathan Homes.  On March 15, 2022, Attorney Tiberio filed a motion on behalf of executor Moorehead seeking authority to reinstate Nathan Homes and execute the purchase agreement with Hostetter.  By entry filed March 17, 2022, the probate court granted the motion and permitted the executor to file the necessary paperwork to reinstate Nathan Homes and effectuate the sale of the parcel pursuant to the Hostetter purchase agreement "as it is in the best interests of the Estate."

{¶ 4} On December 27, 2022, Remster and Appleby filed a complaint for specific performance within the probate case, seeking specific performance of their 2016 purchase agreement. Hostetter was made a party to the action. On February 6, 2023, Hostetter filed a motion to dismiss the complaint. On February 10, 2023, Remster and Appleby filed a Civ.R. 60(B) motion to vacate the probate court's March 17, 2022 entry. A hearing was held on May 22, 2023. By entry filed June 26, 2023, the probate court granted the motion, finding a mistake was made in the estate entering into two separate purchase agreements to sell the same parcel to two separate parties. The probate court then set aside and voided both purchase agreements so the executor could offer the parcel for sale to any interested parties "on such terms and conditions as may be in the best interest of the estate."

{¶ 5} Hostetter filed an appeal with the following assignments of errors:

I

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING CIV.R. 60(B) RELIEF TO MOVANTS WHEN MOVANTS FAILED TO ESTABLISH ANY OF THE ELEMENTS REQUIRED FOR SUCH RELIEF."

II

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN *SUA SPONTE* SETTING ASIDE AND VOIDING APPELLANT GRAYSON HOSTETTER'S CONTRACT WITH NATHAN HOMES, INC."

I

{¶ 8} In his first assignment of error, Hostetter claims the probate court abused its discretion in granting the Civ.R. 60(B) motion. We disagree.

{¶ 9}   A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion.  *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987).  "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable.  *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).  Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.  *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).  An unreasonable decision is one backed by no sound reasoning process which would support that decision.  *Id.*  "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result."  *Id.*

{¶ 10} Remster and Appleby based their Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect" and "any other reason justifying relief from the judgment." Civ.R. 60(B)(1) and (5).  In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or

(3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 11} In their February 10, 2023 Civ.R. 60(B) motion, Remster and Appleby claimed: "Simply speaking, under Rule 60(B)(1), mistake, inadvertence, or surprise has occurred since the Estate breached its purchase agreement with Plaintiffs by attempting to sell the property at issue to Grayson Hostetter."

{¶ 12} Hostetter argues Remster and Appleby failed to establish a meritorious defense, failed to establish mistake, inadvertence or surprise, and failed to file their motion within a reasonable amount of time.

MERITORIOUS DEFENSE OR CLAIM

{¶ 13} As explained by our colleagues from the Seventh District in *Wells Fargo Bank, N.A. v. Stevens,* 7th Dist. Mahoning No. 12 MA 219, 2014-Ohio-1399, ¶ 14:

> A meritorious defense is one which "[goes] to the merits, substance, or essentials of the case." *USB Real Estate Secs., Inc. v. Teague,* 191 Ohio App.3d 189, 196, 2010-Ohio-5634, N.E.2d 5733, ¶ 23 (2d Dist.2010). Although a party does not need to prove that the alleged defense will prevail at trial, enough operative facts must be alleged to show that the defense can be proven. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶ 14} Remster and Appleby filed their complaint for specific performance and attached their 2016 purchase agreement to the complaint (Exhibit B). The purchase agreement was stipulated to during the hearing as Exhibit A. T. at 23-24. The parcel is listed in the estate's Schedule of Assets. Remster testified while waiting for the estate to close the purchase, she discovered in December 2022 that the property had been sold a second time. T. at 6. That second purchase agreement with Hostetter was signed in 2022. February 3, 2022 Purchase Agreement attached to Fiduciary's March 15, 2022 Motion to Reinstate Corporation and Sell Real Property as Exhibit A.

{¶ 15} Considering Remster and Appleby established they had a signed purchase agreement earlier in time than Hostetter, they produced "enough operative facts" to show their defense or claim can be proven. Whether they would prevail is a question for a different day.

{¶ 16} Remster and Appleby demonstrated they had a meritorious defense or claim to present if relief is granted.

## MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT

{¶ 17} Remster and Appleby based their Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect" and "any other reason justifying relief from the judgment." Civ.R. 60(B)(1) and (5).

{¶ 18} In order to obtain Civ.R. 60(B)(1) relief on the basis of mistake, the trial court must find "a mutual mistake shared by both parties as to a material fact in the case." *Smith v. Smith,* 8th Dist. Cuyahoga No. 83275, 2004-Ohio-5589, at ¶ 17.

{¶ 19} The probate court had before it two different purchase agreements executed by two different executors for the purchase of the same parcel; both executors

were represented by the same attorney. Both purchase agreements cannot be executed. It does not require extensive testimony to establish a mistake was made.

{¶ 20} Hostetter's arguments relative to probate court contingencies and whether the parcel is a valid estate asset are matters for another day and are not relevant to the narrow review of a Civ.R. 60(B) motion.

{¶ 21} Remster and Appleby established a mistake was made for Civ.R. 60(B)(1) purposes.

## REASONABLE TIME

{¶ 22} Remster testified she was told in order for the sale to go through, the estate had to have Nathan Homes reinstated. T. at 7, 9. She did not have any reason to believe the estate would not honor the purchase agreement. T. at 6-7. A flag was put on "the State's website" so a notification would be made as to when Nathan Homes was reinstated. *Id.* at 7. Remster believed as soon as she "saw some action happening on Nathan Homes that that would be our clue that things were moving forward with this." *Id.* at 7-8. Remster received notification on December 2, 2022. *Id.* at 8. Shortly thereafter, she learned the parcel had been sold to Hostetter in March 2022. *Id.*

{¶ 23} After discovery of the Hostetter sale, Remster and Appleby filed a complaint for specific performance on December 27, 2022, and their Civ.R. 60(B) motion on February 10, 2023, a mere two months after discovery of the second purchase agreement. T. at 14-15.

{¶ 24} The amount of time between the signing of the 2016 purchase agreement and the discovery of the 2022 purchase agreement and what Remster and Appleby did

or did not do during that period of time is immaterial for Civ.R. 60(B) review. The relevant time is what happened after the discovery of the mistake.

{¶ 25} Remster and Appleby not only filed their motion within one year, but within a reasonable time.

{¶ 26} Upon review, we do not find the probate court abused its discretion in granting the Civ.R. 60(B) motion.

{¶ 27} Assignment of Error I is denied.

II

{¶ 28} In his second assignment of error, Hostetter claims the probate court abused its discretion in sua sponte setting aside and voiding his purchase agreement with Nathan Homes. We disagree.

{¶ 29} In its June 26, 2023 entry granting the Civ.R. 60(B) motion, the probate court set aside and declared void both purchase agreements, the 2016 agreement with Remster and Appleby and the 2022 agreement with Hostetter. Basically, what the probate court did was hit the reset button and start over. The probate court instructed the executor to offer the parcel for sale "to any interested person(s) on such terms and conditions as may be in the best interest of the estate."

{¶ 30} Each purchase agreement contained language that the sale was contingent on probate court approval. The 2016 agreement stated: "This sale is contingent upon obtaining the approval of the Muskingum County Probate Court through Case No. 20161128." The 2022 purchase agreement stated: "This Sale is subject to Seller obtaining court approval through the Muskingum County Probate Court." Each was

signed by the executor as the representative of the estate. It was within the probate court's province to not approve the purchase agreements.

{¶ 31} The parcel was listed in the Schedule of Assets. Winkelmes was the sole shareholder of Nathan Homes. If Hostetter desires to pursue arguments that the parcel is not an estate asset and does not require probate court approval for its sale, that is a challenge for another day.

{¶ 32} Upon review, we do not find the probate court abused its discretion in sua sponte setting aside and voiding Hostetter's purchase agreement with Nathan Homes.

{¶ 33} Assignment of Error II is denied.

{¶ 34} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Probate Division, is hereby affirmed.

By King, J.

Delaney, P.J. and

Gwin, J. concur.