[Cite as *Congress Lake Co. v. Green*, 2019-Ohio-3487.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CONGRESS LAKE COMPANY | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2019CA00002 |
| | : | |
| ROBERT L. GREEN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Canton Municipal
                              Court, Case No. 2018-CVF-2826



JUDGMENT:                     AFFIRMED




DATE OF JUDGMENT ENTRY:       August 26, 2019




APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

WILLIAM W. EMLEY, SR.                    ROBERT L. GREEN, PRO SE
P.O. Box 35548                           4427 Dalbury Ave. NE
Canton, OH 44735-5548                    Canton, OH 44714

*Delaney, J.*

{¶1} Defendant-Appellant Robert L. Green appeals the December 19, 2018 judgment entry of the Canton Municipal Court.

## FACTS AND PROCEDURAL HISTORY

{¶2} On May 9, 2018, Plaintiff-Appellee Congress Lake Company filed a complaint on account in the Canton Municipal Court. It alleged Defendant-Appellant Robert L. Green was a member of the Congress Lake Country Club and the attached billing statement showed Green's membership account was due and owing in the amount of $3,714.89 as of March 25, 2018.

{¶3} Green filed a pro se answer on August 6, 2018, stating he disputed the amount owed.

{¶4} On October 23, 2018, Congress Lake Company filed a motion for summary judgment arguing there was no genuine issue of material fact that there was "due and owing from the Defendant, Robert L. Green, to the Plaintiff the sum of of [sic] $3,714.89 plus costs and interest at the rate of 18% per annum from March 25, 2018." In support of its motion for summary judgment, Congress Lake Company attached the affidavit of Paul Showalter, the General Manager of Congress Lake Company. Showalter averred he was in possession of the business records of the company which established Green owed $3,714.89 on his account.

{¶5} Green responded to the motion for summary judgment on November 28, 2018. In his response, he first argued there was a genuine issue of material fact as to the amount owed. He attached a copy of an email, purportedly sent by Paul Showalter to Green on January 19, 2018. In the email, Showalter asked to know Green's account

status because the board of the Congress Lake Company needed payment with a "demit" request, or the board would expel Green and turn the account over to collection. Green also attached a billing statement from Congress Lake Company dated December 25, 2017, which showed Green owed $1,891.66. Green stated in his response that he contacted Congress Lake Company and canceled his membership prior to the December 2017 billing.

{¶6} Congress Lake Company filed a motion for additional time to supplement its motion for summary judgment on December 12, 2018. It argued Green had never served Congress Lake Company with his pleadings.

{¶7} On December 19, 2018, the trial court issued its judgment entry denying the motion to supplement the motion for summary judgment and granting the motion for summary judgment. In its ruling, the trial court found Congress Lake Company met its initial burden of proving it was entitled to judgment as a matter of law on the amount due and owing. Green, the trial court next determined, did not come forward with specific facts to show that as of March 25, 2018, there was a genuine issue of material fact whether he owed $3,714.89. The trial court found Green did not submit any evidentiary material pursuant to Civ.R. 56 that could be properly considered by the court. Even considering Green's attachments, the trial court found they did not challenge the facts established by Congress Lake Company that an account was due and owing.

{¶8} It is from this judgment Green now appeals.

**ASSIGNMENTS OF ERROR**

{¶9}   Green raises two Assignments of Error:

{¶10} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE CONGRESS LAKE CLUB.

{¶11} "II. THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE THE AMBUGUITY AND CONFUSION CREATED BY THE ACTIONS OF SHOWALTER IN THAT A 'DEMIT' OR 'LEAVE OF ABSENCE' IS NOT MENTIONED ANYWHERE IN THE BYLAWS AND RULES OF CONGRESS LAKE CLUB."

**ANALYSIS**

{¶12} Green's two Assignments of Error argue the trial court erred in granting the motion for summary judgment in favor of Congress Lake Company, so we consider the arguments together.

{¶13} We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is

made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶14} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶15} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶16} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶17} We note that at all times during these proceedings, Green appears pro se. Nevertheless, he is bound by the same rules and procedures as litigants who retain counsel. *Miller v. State*, 5th Dist. Richland No. 15CA96, 2016–Ohio–4623, ¶ 27 citing *Meyers v. First National Bank of Cincinnati*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981). The Ohio Civil Rule of Procedure governing motions for summary judgment

is Civ.R. 56. Under Civ.R. 56(C), the court makes its decision whether to grant summary judgment "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If the party wishes to introduce evidence not specifically authorized by Civ.R. 56(C), the proper method is to incorporate the evidence by reference into a properly framed affidavit. *Wesley v. Walraven*, 4th Dist. Washington No. 12CA18, 2013-Ohio-473, 2013 WL 544053, ¶ 31 citing *Martin v. Central Ohio Transit Auth.*, 70 Ohio App.3d 83, 89, 590 N.E.2d 411 (10th Dist.1990). *Accord Discover Bank v. Combs*, 4th Dist. No. 11CA25, 2012–Ohio–3150, ¶ 17. Civ.R. 56(E)'s requirement that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit with a statement contained in the affidavit that the copies are true and accurate reproductions. *Id.* citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981); *Discover Bank*.

{¶18} Civ.R. 56(C) states, "[n]o evidence or stipulation may be considered except as stated in this rule."

{¶19} In this case, Congress Lake Company supported its motion for summary judgment with an affidavit from Showalter, the General Manager of Congress Lake Company. The affidavit stated that Showalter was in possession of the business records of the company relating to the account with Robert L. Green. The records showed Green owed a sum of $3,714.89 on his account.

{¶20} In his response to the motion for summary judgment and to demonstrate there was a genuine issue of material fact, Green attached an email from Showalter and

a billing statement from Congress Lake Company. The email and billing statement, standing alone, are not evidence specially authorized by Civ.R. 56(C); therefore, Green must incorporate them by reference in a properly framed affidavit pursuant to Civ.R. 56(E). Green did not submit an affidavit incorporating the email and billing statement by reference with his response to the motion for summary judgment. For that reason, the trial court found Green did not meet his burden of specificity to set forth "specific facts" by the means listed in Civ.R. 56(C) to show that a "triable issue of fact" existed. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988). Upon our de novo review of the motion for summary judgment and response, we likewise find Green did not meet his reciprocal burden under Civ.R. 56 to establish there was a genuine issue of material fact for trial.

{¶21} In his appellate brief, Green raises arguments regarding the language of the Congress Lake Company Bylaws and an affidavit from Showalter about Green's resignation from the Congress Lake Country Club. Our appellate review is limited to the record before us and the record in this case does not contain a copy of the Congress Lake Company Bylaws or an affidavit from Showalter, other than the affidavit submitted in support of the Congress Lake Company's motion for summary judgment. "The duty to insure that the record on appeal is complete falls upon the appellant." *Heinrichs v. 356 Registry, Inc.*, 10th Dist. No. 15AP-532, 2016-Ohio-4646, 70 N.E.3d 91, 2016 WL 3522293, ¶ 68 quoting *Greff v. Meeks & Co.*, 10th Dist. No. 96APE05–692, 1997 WL 15134 (Jan. 16, 1997). *See also* App.R. 9(B)(1). "The duty of submitting the record falls upon an appellant because it is he who bears the burden of showing error by reference to matters in the record." *Id.* quoting *Watley v. Dept. of Rehab. & Corr.*, 10th Dist. No.

06AP–1128, 2007-Ohio-1841, 2007 WL 1153050, ¶ 16. Thus, when portions of the record "necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶22} Further, Green did not raise these arguments regarding the language of the bylaws or Showalter's statements about Green's resignation to the trial court. A party cannot assert new arguments for the first time on appeal. *Kennedy v. Green*, 5th Dist. Muskingum No. CT2018-0033, 2019-Ohio-854, 2019 WL 1126355, ¶ 35 citing *Stores Realty Co. v. Cleveland*, 41 Ohio St. 41, 42, 322 N.E.2d 629 (1975). As a general rule, a litigant who has the opportunity to raise an issue in the trial court, but declines to do so, waives the right to raise that issue on appeal. *The Strip Delaware, LLC v. Landry's Restaurants, Inc.*, 5th Dist. No. 2010CA00316, 2011–Ohio–4075. Since Green failed to make such argument to the trial court, this Court will not review these issues on appeal. *May v. Westfield Village L.P.*, 5th Dist. No. 02–COA–051, 2003–Ohio–5023, citing *Lippy v. Society Nat'l Bank*, 88 Ohio App.3d 33, 623 N.E.2d 108 (1993).

{¶23} Accordingly, we find the judgment of the Canton Municipal Court to grant summary judgment in favor of Congress Lake Company was supported by the Civ.R. 56 evidence. Green's two Assignments of Error are overruled.

## CONCLUSION

{¶24} The judgment of the Canton Municipal Court is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Wise, John, J., concur.