[Cite as *Blackburn v. New Dawn Rehab & Healthcare Ctr.*, 2024-Ohio-5170.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MALISSA BLACKBURN Administrator of the Estate of MARGARET LUCILLE ELLIOTT, DECEASED | JUDGES: Hon. Patricia A. Delaney, P.J. Hon. William B. Hoffman, J. Hon. Craig R. Baldwin, J |
| Plaintiff-Appellant | |
| -vs- | |
| | Case Nos. 2024 AP 01 0002 & 2024 AP 05 0018 |
| NEW DAWN REHAB AND HEALTHCARE CENTER, ET AL. | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDINGS:      Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2021 CT 12 0790

JUDGMENT:      Affirmed in part; Reversed and Remanded in part

DATE OF JUDGMENT ENTRY:      October 28, 2024

APPEARANCES:

For Plaintiff-Appellant

LOUIS C. SCHNEIDER, ESQ.
J. ERIC KISER, ESQ.
Thomas Law Offices, PLLC
250 East Fifth Street, Suite 440
Cincinnati, Ohio 45202

For Defendants-Appellees

ELISABETH D. GENTILE, ESQ.
ERIC M. COGLIANESE, ESQ.
Freeman, Mathis & Gary, LLP
65 East State Street, Suite 2550
Columbus, Ohio 43215

*Hoffman, J.*

**{¶1}** In Tusc. App. No. 2024 AP 01 0002, plaintiff-appellant Malissa Blackburn, Administrator of the Estate of Margaret Lucille Elliott, Deceased, appeals the December 19, 2023 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees New Dawn Rehab and Healthcare Center, et al. (collectively, "Appellees"). In Tusc. App. No. 2024 AP 05 0018, Appellant appeals the trial court's April 2, 2024 Judgment Entry, which overruled her motion for relief from judgment pursuant to Civ. R. 60.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** New Dawn Nursing, LLC ("New Dawn Nursing"), is an Ohio limited liability company, which operates a rehabilitation and healthcare center in Dover, Tuscarawas County, Ohio, d.b.a. New Dawn Rehab and Healthcare Center ("New Dawn"). Margaret Lucille Elliott ("Decedent") was admitted to New Dawn on January 8, 2018, following her discharge from the hospital which resulted from a fall at her home. Decedent was initially admitted to New Dawn's rehabilitation center, but after 100 days, she was transferred to its long-term care facility. Appellant is Decedent's daughter.

**{¶3}** Decedent's admissions records listed a number of comorbidities, including congestive heart failure, heart disease, chronic kidney disease, Parkinson's disease, and diabetes. Decedent also suffered from mobility issues and bladder incontinence. Decedent was unable to roll, reposition, and offload by herself in order to relieve pressure. Due to Decedent's comorbidities, any wounds she developed took longer to heal. Decedent refused to be repositioned and rolled by New Dawn staff, and vocalized her desire not to be moved or turned.

{¶4} Prior to the precautions taken during the COVID-19 pandemic, Appellant visited Decedent at least once a week, and Carolyn Ricklic, Decedent's granddaughter, visited multiple times a week. During her time at New Dawn, Decedent experienced some bed sores. The sores ultimately healed through the treatment administered and the care given by the staff at New Dawn. New Dawn advised Appellant Decedent's refusal to lay down to relieve pressure from her buttocks contributed to the development of the bed sores Decedent suffered.

{¶5} On or about July 9, 2020, Decedent developed a large sacral pressure ulcer, which quickly worsened. Staff at New Dawn Healthcare notified Appellant about Decedent's condition, but according to Appellant, the staff led her to believe the wound was minor and only the size of a dime. When Appellant visited Decedent on July 16, 2020, Decedent was unresponsive. Appellant demanded Decedent be transported to the hospital. Decedent was treated at Union Hospital where she underwent a debridement of the necrotic skin and subcutaneous tissue around the wound.[1]

{¶6} When Decedent was release from the hospital on July 23, 2020, she was discharged to Schoenbrunn Healthcare. Decedent continued to receive treatment and wound care at Schoenbrunn Healthcare and the wound ultimately healed. Decedent eventually passed away from heart failure on January 11, 2021.

{¶7} On December 27, 2021, Appellant, as the Administrator of Decedent's estate, filed a complaint, alleging New Dawn Nursing and New Dawn were negligent in

---

[1] Debridement is the process of removing nonviable tissue. Debridement is only necessary when a wound isn't healing well on its own. https://www.webmd.com/skin-problems-and-treatments/what-is-debridement Accessed.

their care and treatment of Decedent. Appellant also asserted a claim for punitive damages.

**{¶8}** On September 8, 2023, Appellees filed a motion for summary judgment. Therein, Appellees argued the statute of limitations had expired; therefore, Appellant's claims were barred. Appellees further maintained there was no evidence to warrant the imposition of punitive damages. Appellant filed a response in opposition on October 5, 2023. Appellant asserted the statute of limitations was extended by 180-days as Appellees had been properly notified pursuant to R.C. 2305.11(B)(1). Appellees filed a reply in support of their motion for summary judgment on October 11, 2023.

**{¶9}** Via Judgment Entry filed December 19, 2023, the trial court granted summary judgment in favor of Appellees. The trial court found Appellant "failed to properly set forth evidence for this Court to consider that the July 16, 2021 statute of limitations was properly extended pursuant to R.C. 2305.11(B)(1) as the Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment does not include evidence as contemplated by Civ.R. 56(C)." Dec. 19, 2023 Judgment Entry at pp. 8-9. Appellant filed a Notice of Appeal to this Court on January 18, 2024.

**{¶10}** On January 18, 2024, Appellant also filed a Civ.R. 60 motion for relief from judgment. Therein, Appellant argued, "Although [Appellant's] counsel did not submit a separate affidavit attesting to the fact that the statute of limitations * * * was extended by the sending of 180-day letters, he submitted an extensive brief attesting to the same operative facts, signed by undersigned counsel pursuant to Civ.R. 11, and attaching supporting documentation." Plaintiff's Motion for Relief from Judgment Pursuant to Rule

60 at p.2, unpaginated.  Appellees filed a response in opposition, contending Appellant failed to show she was entitled to relief pursuant to Civ.R. 60(B)(5).

**{¶11}**  Appellant filed a motion to remand in this Court, seeking an order to remand the matter to the trial court for purpose of ruling on Appellant's motion for relief from judgment.  Via Judgment Entry filed February 6, 2024, this Court granted the motion and remanded the matter to the trial court to rule on Appellant's pending motion on or before March 18, 2024.

**{¶12}**  Upon remand, the trial court conducted a hearing on Appellant's motion for relief from judgment.  The trial court gave Appellant ten (10) days in which to submit a post-hearing memorandum in support of her motion, and gave Appellees ten (10) days from the filing thereof to file a response.

**{¶13}**  Via Judgment Entry filed April 2, 2024, the trial court overruled Appellant's motion for relief from judgment.  The trial court found Appellant failed to set forth evidence sufficient to overcome Appellees' motion for summary judgment as Appellant did not follow the proper procedure for introducing evidentiary

**{¶14}**  It is from the December 19, 2023 Judgment Entry granting summary judgment in favor of Appellees and the April 2, 2024 Judgment Entry overruling her motion for relief from judgment Appellant appeals, raising the following assignments of error:


I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE.

II. THE TRIAL COURT ERRED WHEN IT HELD APPELLANT FAILED TO SATISFY CIV.R. 56.

III. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S

MOTION FOR RELIEF FROM JUDGMENT.

I, II

**{¶15}** In her first assignment of error, Appellant contends the trial court erred in granting summary judgment in favor of Appellees as the trial court erroneously accepted Appellees' claim the state of limitations was not extended because Appellees had not "*received* Appellant's 180-day letter prior to the expiration of the statute of limitations on July 16, 2021." Brief of Appellant at p. 5. In her second assignment of error, Appellant maintains the trial court erred in finding she failed to satisfy Civ.R. 56.

**{¶16}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

**{¶17}** Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

**{¶18}** The party moving for summary judgment bears the initial burden of demonstrating the absence of genuine issues of material facts concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). The moving party must support the motion by pointing to some evidence in the record of the type listed in Civil Rule 56(C). *Id.* at 292-293, 662 N.E.2d 264. However, the moving party need not support its motion for summary judgment with evidence negating his opponent's claim, but may simply point out that there is an absence of evidence to support the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also R & R Plastics, Inc. v. F.E. Myers Co.*, 92 Ohio App.3d 789, 807, 637 N.E.2d 332 (6th Dist. 1993).

**{¶19}** If the moving party satisfies this burden, then the non-moving party has the reciprocal burden to demonstrate a genuine issue for trial remains. *Dresher* at 293, . The nonmoving party may not rest upon the mere allegations or denials in her pleadings but must point to or submit evidence of the type specified in Civ.R. 56(C). *Id.*; Civ.R. 56(E). Types of evidence specified in Civ.R. 56 (C) are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C).

**{¶20}** The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150 (1974).

**{¶21}** For ease of discussion, we shall address Appellant's second assignment of error first. Appellant submits "the issue before the Court is whether the information contained in Appellant's Response in Opposition to Defendant's Motion for Summary

Judgment, along with the provided supporting documents, should be held to comply with the requirements of Civ.R. 56." Brief of Appellant at p. 8. Appellant suggests the statements made by her attorney in the response in opposition to summary judgment, which were based upon his personal knowledge regarding his own actions, i.e., the mailing of the 180-day letter, satisfy the requirements of Civ.R. 56(E). Appellant adds counsel's signature on the pleading, which is required by Civ.R. 11, "is synonymous to a formal affirmation that the facts set forth therein are true to the best of the attorney's knowledge." *Id.* at p. 11.

**{¶22}** Civ.R. 56(C) provides: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence * * * may be considered except as stated in this rule.*" (Emphasis added.)

**{¶23}** Civ.R. 56(C) contains a "limited list of material that may be considered when ruling upon a motion for summary judgment." (Citation omitted.) *Winkle v. Co*, 2016-Ohio-6957, ¶ 34 (2nd Dist.). In her response to Appellees' motion for summary judgment and to demonstrate there was a genuine issue of material fact, Appellant attached a copy of the 180-day letter and a copy of the certified mail receipt. These documents, standing alone, are not evidence specially authorized by Civ.R. 56(C). "[D]ocuments submitted in opposition to a motion for summary judgment must be sworn, certified or authenticated by affidavit to be considered by the trial court in determining whether a genuine issue of material fact exists for trial." (Citations omitted.) *Heard v. Aultman Hosp.*, 2016-Ohio-

1076, ¶ 28 (5th Dist.). If a party wishes to introduce evidence not specifically authorized by Civ.R. 56(C), the proper method is to incorporate the evidence by reference into a properly framed affidavit pursuant to Civ.R. 56(E). (Citations omitted.) *Congress Lake Co. v. Green,* 2019-Ohio-3487, ¶ 17 (5th Dist.). Appellant was required incorporate the 180-day letter and the certified mail receipt by reference in a properly framed affidavit pursuant to Civ.R. 56(E). Appellant failed to follow this procedure. "Documents not properly incorporated are not to be considered by the trial court in deciding a motion for summary judgment." *Blanton v. Cuyahoga Cty. Bd. of Elections,* 2002–Ohio–6044, ¶ 13 (8th Dist.), citing *Buzzard v. Pub. Emp. Retirement Sys. of Ohio*, 139 Ohio App.3d 632, 636 (10th Dist. 2000).

**{¶24}** To cure this failure, Appellant asks this Court to ignore the longstanding requirements of Civ.R. 56 and find a nonmoving party complies with Civ.R. 56 when counsel represents facts in a responsive motion which are based upon counsel's personal knowledge and supported by attached documents, and the motion is signed by counsel in conformance with Civ.R. 11. We decline to do so. Civ.R. 56(C) is specific: "*No evidence * * * may be considered except as stated in this rule.*" (Emphasis added.) Civ.R. 56(C). Accordingly, we find the trial court did not err in finding Appellant failed to present Civ.R. 56(C) quality evidence establishing the statute of limitations had been extended.

**{¶25}** We now turn to Appellant's first assignment of error in which she asserts the trial court erred in granting summary judgment in favor of Appellees based upon a finding the state of limitations was not extended because Appellees had not "*received*

Appellant's 180-day letter prior to the expiration of the statute of limitations on July 16, 2021." Brief of Appellant at p. 5.

**{¶26}** With respect to the statute of limitations, the trial court found Appellant "failed to properly set forth evidence for this Court to consider that the July 16, 2021 statute of limitations was properly extended pursuant to R.C. 2305.113(B)(1) as the Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment does not include evidence as contemplated by Civ.R. 56(C)." December 19, 2023 Judgment Entry at pp. 8-9. The trial court did not base its decision on Appellees' claim they never received the 180-day letter. Rather, the trial court based its decision on Appellant's failure to put forth Civ.R. 56(C) quality evidence to rebut Appellees' motion for summary judgment. Without such evidence, Appellant did not meet her burden of demonstrating a genuine issue of material fact exists.  Accordingly, we find the trial court did not err in granting summary judgment in favor of Appellees.

**{¶27}** Based upon the foregoing, Appellant's first and second assignments of error are overruled.

III

**{¶28}** In her third assignment of error, Appellant submits the trial court erred in denying her motion for relief from judgment.

**{¶29}** "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

**{¶30}** To succeed on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is

granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150 (1976). "If any of these three requirements is not met, the motion should be overruled." *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 20 (1988).

**{¶31}** Civ.R. 60(B) sets forth five reasons to support relieving a party from a final judgment:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

**{¶32}** As to the first prong of the *GTE* test, the trial court did not address whether Appellant had a meritorious claim or whether Appellant's claim warranted punitive damages. Appellant's claim against Appellees were not adjudicated on the merits in the

summary judgment proceedings. The trial court granted summary judgment solely on the basis the statute of limitations had expired.

**{¶33}** With respect to the third prong of the *GTE* test, Appellant's Civ.R. 60(B) motion was timely under the rule because it was filed within one month after the trial court granted Appellees' motion for summary judgment.

**{¶34}** We now must determine whether Appellant is entitled to relief under Civ.R. 60(B)(5).[2] Appellant contends she provided documentation to the trial court demonstrating notice pursuant to R.C. 2305.113 was timely given to Appellees. Although Appellees dispute having received the 180-day letter, Appellant submits R.C. 2305.113, as amended, only requires notice be given, not proof of receipt.

**{¶35}** R.C. 2305.113 provides, in pertinent part:

(B)(1) If prior to the expiration of the one-year period specified in division (A) of this section, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.

(2) A claimant who allegedly possesses a medical claim and who intends to give to the person who is the subject of that claim the written notice described in division (B)(1) of this section shall give that notice by

---

[2] In her motion for relief from judgment, Appellant asserted she was entitled to relief from judgment pursuant to Civ.R. 60(B)(5).

sending it by certified mail, return receipt requested, addressed to any of the following:

The person's residence;

The person's professional practice;

The person's employer;

The business address of the person on file with the state medical board or other appropriate agency that issued the person's professional license.

R.C. 2305.113.

**{¶36}** In support of her motion for relief from judgment, Appellant attached the affidavit of her counsel, Attorney Louis C. Schneider. In his affidavit, Attorney Schneider averred he sent the 180-day letter to Appellees by certified mail, return receipt requested, on June 29, 2021, and was delivered on July 9, 2021. The return receipt is signed "JM 2206 C19."

**{¶37}** Appellees counter the notation on the return receipt is not adequate to prove the 180-day letter was received by Appellees.  Appellees rely on the First District Court of Appeals' decision in *CUC Properties VI*, *L.L.C. v. Smartlink Ventures*, *Inc.*, 2021-Ohio-3428 (1st Dist.), in which the Court concluded a designation such as "Covid 19" or "C19" on a certified mail return receipt signature line was insufficient to establish *valid service under Civ.R. 4.1(A)*. (Emphasis added.) *Id.* at ¶ 15.

**{¶38}** We find *CUC Properties* to be distinguishable. CUC Properties sued Smartlink based upon breach of a lease agreement.  *Id.* at ¶ 2. The Clerk of Courts sent

the summons and complaint via certified mail to Smartlink's registered agent and to its principal place of business. *Id*. No individual at either location ever signed for the certified mail. *Id*. Rather, the mail carriers handwrote "Covid 19" and "C19" on the respective signature lines, in contravention of the United States Postal Service guidelines put in place for the exigent circumstances created by the Covid-19 pandemic. *Id*. Smartlink did not answer the complaint and the trial court granted default judgment in favor of CUC Properties. *Id*. at ¶4. The issue before the *CUC Properties* Court was whether a mail carrier's "Covid 19" or "C19" marking on the certified mail receipt constituted a valid signature under Civ.R. 4.1(A)(1)(a), thereby granting the trial court personal jurisdiction over the defendant. *Id*. at ¶ 7.

**{¶39}** The 180-day letter at issue herein is not subject to the requirements of Civ.R. 4.1, which outlines the methods for obtaining service of process within Ohio. The certified return receipt indicates the 180-day notice was delivered to Appellees on July 9, 2021. In response to the COVID-19 pandemic, the USPS adopted a signature policy for certified mail in which "the USPS instructed its delivery personnel to ensure that someone was at the address to receive the letter, to ask that person for their name, and to then leave the letter where the person could get it" and then the mail carrier would complete the return receipt." See, *Finnell v. Eppens*, 2021 WL 2280656, *2 (S.D. Ohio June 4, 2021). Accordingly, we find the indication "JM 2206 C19" was sufficient to establish notice was not only given, but also received. Therefore, the statute of limitations was properly extended. We note, although Appellees claim they did not receive the 180-day letter, they did not submit an affidavit supporting this assertion.

**{¶40}** Civ.R. 60(B)(5) allows the trial court to relieve a party from a final judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.' " (Citation omitted.) *Maggiore v. Barensfeld*, 5th 2012-Ohio-2909, ¶ 35 (5th Dist.). It is reserved for "extraordinary and unusual case[s],", and "is not a substitute for the enumerated grounds for relief from judgment [.]" *Myers v. Myers*, 2005-Ohio-3800, ¶ 14 (9th Dist.). It applies only where a more specific provision of Civ.R. 60(B) does not apply. (Citation omitted.) *Ogline v. Sam's Drug Mart, L.L.C.*, 2014-Ohio-2355, ¶ 38 (5th Dist.).

**{¶41}** The evidence establishing Appellees received the 180-day letter on July 9, 2021, coupled with the fact Appellees cannot show they would be prejudiced at this early stage of the proceedings, and in the interest of justice, recognizing courts should strive to hear cases on their merits whenever possible, *Hall v. Crystal Clinic Inc.*, 2018-Ohio-5314, ¶17 (9th Dist.), we find the trial court abused its discretion in denying Appellant's motion for relief from judgment.

**{¶42}** Appellant's second assignment of error is sustained.

{¶43} The judgment of the Tuscarawas County Court of Common Pleas is affirmed, in part, and reversed, in part, and remanded for further proceedings consistent with this Opinion and the law.


By: Hoffman, J.

Delaney, P.J.  and

Baldwin, J. concur